IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


BOBBY DWAYNE WILLIAMS                                          PLAINTIFF


        v.                          Civil No.   13-2176


RON BROWN, Sheriff, Crawford
County, Arkansas; and LIEUTENANT
V. CUPP                                                      DEFENDANTS



### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff

proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the Pine Bluff Unit of the Arkansas Department of

Correction.  At all times relevant to this case, Plaintiff was incarcerated in the Crawford County

Detention Center (CCDC).  Plaintiff maintains his constitutional rights were violated by Defendants'

inadequate emergency preparedness.

The case is before the Court on a motion to dismiss (Doc. 12) filed by the Defendants and

Plaintiff's response  (Doc. 15) to the motion.

### 1.  Background

According to the allegations of the complaint, the CCDC was not in compliance with state

law with respect to an emergency evacuation plan.  Plaintiff alleges that during his incarceration

there were no evacuation drills.  Plaintiff asserts that evacuation drills should be performed once

every six months.  Additionally, Plaintiff asserts that exit signs are not posted.

-1-

As relief, Plaintiff requests monetary damages, an apology, and his filing fees paid.  He also asks that there be more evacuation drills.

## 2.  Applicable Standard

Rule 8(a) of the Federal Rules of Civil Procedure contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'"  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009)(*quoting Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'"  *Braden*, 588 F.3d at 594 (*quoting Iqbal*, 556 U.S. at 678).  The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

## 3.  Discussion

Defendants first maintain the case should be dismissed because the Plaintiff has not alleged a constitutional violation.  Instead, Defendants state Plaintiff has alleged only a violation of state law.  Second, Defendants that Plaintiff is in no position to know if they have an evacuation plan in place.  They contend the fact that no drill was conducted while Plaintiff was incarcerated there does not mean they do not have an evacuation plan in place.  Third, they maintain that the lack of a regular

fire drill or other emergency drill during Plaintiff's incarceration does not equate to a constitutional violation. Finally, they note that any claims for injunctive relief has been mooted by Plaintiff's transfer to another facility.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis*, 523 U.S. 833 (1998)(citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

In this circuit, the deliberate indifference standard of the Eighth Amendment is applied to all conditions of confinement claims whether the claims are brought by a pretrial detainee or a convicted prisoner. *See Butler v. Fletcher*, 465 F.3d 340, 345 (8th Cir. 2006)(deliberate indifference standard of the Eighth Amendment applies to all claims that prison officials failed to provide adequate food, clothing, shelter, etc.); *Hall v. Dalton*, 34 F.3d 648, 650 (8th Cir. 1994)("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. The Eighth Amendment prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities." *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir. 1996). Jail or prison officials must provide reasonably adequate ventilation, sanitation, bedding, hygienic materials, food, utilities, and safety.

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004)(*citing Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a

constitutional violation by depriving the plaintiff of the minimal civilized measure of life's

necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate

indifference to the health or safety of the prisoner" *Revels*, 382 F.3d at 875 (citations and internal

quotation marks omitted). Deliberate indifference is established when the plaintiff shows "the

defendant was substantially aware of but disregarded an excessive risk to inmate health or safety."

Id. The standards against which a court measures prison conditions are "the evolving standards of

decency that mark the progress of a maturing society." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).

Keeping these principles in mind, I turn to an examination of the conditions of confinement

alleged to exist in this case. I agree with Defendants that the fact they may have violated state law

does not, by itself, amount to the existence of a constitutional claim. Not every violation of state law

equates with a violation of federal constitutional law. *See e.g., Montin v. Gibson*, 718 F.3d 752, 754

(8th Cir. 2013). Instead, the focus is on whether the United States constitution was violated by the

conduct at issue. *Id.*

I also agree with Defendants that injunctive relief is no longer available to the Plaintiff. His

transfer to another facility rendered his requests for injunctive relief moot. *See e.g., Smith v.*

*Hundley*, 190 F.3d 852, 855 (8th Cir. 1999).

"Prisoners have the right not to be subjected to the unreasonable threat of injury or death by

fire and need not wait until actual casualties occur in order to obtain relief from such conditions."

*Hoptowit v. Spellman*, 753 F.2d 779, 783-84 (9th Cir. 1985); *see also Hadix v. Johnson*, 367 F.3d

513, 528-30 (6th Cir. 2004)(review of cases involving fire safety). Here, Plaintiff contends: (1) there

was no proper evacuation plan; (2) exits were not properly marked; and (3) during his incarceration

no drills were done. I believe Plaintiff has asserted a plausible claim against Defendants. It may

well be that once discovery is done that the claim will not survive a summary judgment.  However, I cannot say that no plausible claim is stated.

### 4.  Conclusion

For the reasons stated, I recommend that the Defendants' motion to dismiss (Doc. 12) be granted in part and denied in part.  The motion should be granted with respect to the alleged violation of state law and the claims for injunctive relief.  In all other respects, the motion should be denied.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 1st day of July 2014.

/s/ *J. Marschewski*

 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE