IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

BOBBY DWAYNE WILLIAMS
(ADC#142732)                                                                                    PLAINTIFF

V.                                    Civil No. 2:13-cv-02176-PKH-MEF

RON BROWN (Sheriff, Crawford County
Detention Center); VERN CUPP (Lt.,
Crawford County Detention Center)                                                         DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is a civil rights action filed by the Plaintiff, Bobby Dwayne Williams, pursuant to 42 U.S.C. § 1983.  Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC") Ouachita River Unit.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P.K. Holmes III, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Currently before me is a Summary Judgment Motion from the Defendants. ECF No. 30, 31. Plaintiff responded. ECF No. 34.  After careful consideration, the undersigned makes the following Report and Recommendation.

**I.      BACKGROUND**

During the time at issue in his Complaint, Plaintiff was incarcerated in the Crawford County Detention Center.  Plaintiff filed his Complaint in the Eastern District of Arkansas on July 1, 2013. ECF. No. 1, 2.  His Complaint was transferred to this District on July 17, 2013. ECF No. 3.  Plaintiff filed a Supplement to his Complaint on July 1, 2014. ECF. No. 23.  Defendants filed their Summary Judgment Motion on November 7, 2014. ECF No. 30, 31.  Plaintiff  filed a Response

1

on November 24, 2014. ECF No. 34. Plaintiff seeks monetary damages, repayment of the filing fee, and an apology. He also seeks more evacuation drills. ECF No. 2.

## II.     LEGAL STANDARD

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and, (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.,* 49 F.3d 399, 401 (8th Cir. 1995). The moving party has the burden of showing the absence of a genuine issue of material fact and that they are entitled to judgment as a matter of law, but the nonmoving party may not rest upon mere denials or allegations in the pleadings and must set forth specific facts to raise a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). The Court must view all evidence and inferences in a light most favorable to the nonmoving party. *See McCleary v. ReliaStar Life Ins. Co.,* 682 F.3d 1116, 1119 (8th Cir. 2012). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III.    DISCUSSION

Plaintiff alleges unconstitutional conditions of confinement due to fire safety hazards and the lack of panic/call buttons in the pods making it difficult to get help from jailers when needed. ECF No. 2, 23. Specifically, Plaintiff alleges that the jail violated unnamed fire safety laws by failing to

2

post an evacuation plan in case of emergency, did not conduct emergency evacuation practice drills with the inmates, and did not have Exit signs. Plaintiff further alleges that the pods do not have panic buttons, and inmates must typically "beat on the doors continuously for 20-30 minutes before anyone comes." ECF No. 23, p. 1. Plaintiff states another inmate managed to hang himself in the pod before anyone came in response to the other inmate's cries and pounding for help. ECF No. 23.

Defendants argue that the claims against them should be dismissed for two reasons: (1) neither Plaintiffs fire safety nor panic/call button claims reach the level of constitutional violation; and, (2) Plaintiff has failed to allege any actual physical harm suffered by him from the alleged safety deficiencies. ECF No. 31, p. 5, 8.

Plaintiff is suing the Defendants in both their official and individual capacities. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* 152 F.3d 907 (8th Cir.1998), the Eighth Circuit Court of Appeals discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> "Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362."

*Gorman,* 152 F.3d at 914. "[R]igorous standards of culpability and causation must be applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a

plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997).

### A.     Individual Capacity Claims

Plaintiff has not alleged any personal involvement or individual actions by any of the Defendants regarding his claims. Therefore, Plaintiff has not stated a cognizable individual capacity claim against any of the Defendants.

### B.     Official Capacity Claims

In order for his official capacity claims to survive summary judgment, Plaintiff must allege facts showing that some custom or policy of Crawford County violated his constitutional rights. He has not done so.

"[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. Detention centers must provide pretrial detainees with "reasonably adequate sanitation, personal hygiene, and laundry privileges . . . ." *Beaulieu v. Ludeman*, 690 F.3d 1017, 1045 (8th Cir. 2012) (quoting *Howard v. Adkison*, 887 F.2d 134, 137 (8th Cir. 1989)). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir. 1994) ("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and

4

subjective element. *See Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir. 2004) (*citing Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

Lastly,"[c]laims under the Eighth Amendment require a compensable injury to be greater than *de minimis*," however, "[n]o clear line divides *de minimis* injuries from others." *Irving v. Dormire,* 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes,* 21 F.3d 277, 281 (8th Cir. 1994). *De minimis* or "nonmeasurable" psychological pain is not actionable under the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1 (1992)(Blackmun, J. concurring).

"Prisoners have the right not to be subjected to the unreasonable threat of injury or death by fire and need not wait until actual casualties occur in order to obtain relief from such conditions." *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985)  However, Defendants submitted evidence that the facility passed  fire inspection by the Van Buren Fire Department on June 27, 2013 and July 25, 2014. ECF No. 31, Ex. A-3. Defendants also submitted a copy of the facility fire and

emergency plan and a State of Arkansas Detention Facility Compliance Report. ECF No. 31, Ex. A-1, A-2. While the Compliance Report noted understaffing and overcrowding, it noted only one fire-related safety issue. This involved the lack of self-contained breathing apparatus, and training for the use thereof. ECF No. 31, Ex. A, p. 2. This lack was remedied in August 2013. ECF No. 31, Ex. A., p. 2.

I can find no precedent in the Eighth Circuit holding that the mere lack of a functional panic/call button in a cell or pod, standing alone, rises to the level of a constitutional violation. The few other courts addressing this issue specifically have held that it does not. *See e.g. Garner v. City of Philadelphia,* No. 11-CV-5960, 2013 WL 4401327, at *6 (E.D. Pa. Aug. 16, 2013)( "Although panic buttons may offer inmates additional safety and protection, we cannot find that active panic buttons constitute a "minimal civilized measure of life's necessities..."'). Further, Defendants submitted evidence that the pods are continuously monitored by officers through a camera/monitor, and inmates may contact an officer by knocking on the door. ECF No. 31, Ex. A. Finally, the State Compliance Report does not include a category for panic buttons, and does not make any comment as to the lack of them. Plaintiff alleges the delay in response using this system permitted another inmate to hang himself. However, he provided no evidence of this incident. Even assuming this incident occurred, the fact of an inmate death is not automatic proof of an Eighth Amendment violation. *See Farmer ,* 511 U.S. at 844 (prison officials "who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted). Plaintiff does not allege that he himself ever needed a panic button.

Finally, Plaintiff has alleged no actual measurable injury from either the alleged fire safety

issues or the lack of panic/call buttons.

Thus, Plaintiff has not provided sufficient facts to show that there were any violations of his constitutional rights or that he was injured in any way from a violation.

Accordingly, there are no genuine issues of material fact regarding Plaintiff's unconstitutional conditions of confinement claims, and these claims fail as a matter of law.

IV. **CONCLUSION**

For the foregoing reasons, I recommend Defendants' Motions for Summary Judgment (ECF No. 30) be **GRANTED** and that all Defendants be dismissed from this action without prejudice.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**IT IS SO ORDERED this 15th day of June 2015.**

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE